**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

FILED BY [signature] D.C.
05 AUG 26 PM 4: 12
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

**UNITED AUTO GROUP,** a Delaware Corp.

Plaintiffs,

**v.**

**ADAM EWING and ANDREW BARBEE,**

Defendants.

**No. 04-2802 D/P**

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Defendants, Adam Ewing and Andrew Barbee have filed a motion under Fed. R. Civ. P. 12(b)(6) seeking to dismiss Plaintiff's breach of contract claim because of the preclusive effect of orders entered by the Chancery Court of Shelby County. For the reasons stated herein, the Court finds that the orders issued by the chancery court do not preclude this cause of action, and DENIES Defendants' motion. The Court has jurisdiction under 28 U.S.C. § 1132.

### I. FACTS

This is one of three cases involving United Auto Group ("UAG"), Adam Ewing, and Andrew Barbee. The Defendants, Adam Ewing and Andrew Barbee, are former employees of Covington Pike Toyota, a car dealership located in Memphis, Tennessee and owned by UAG. In 2001, Mr. Ewing and Mr. Barbee, among others, brought an employment discrimination action in this court against UAG. Alexander v. United Auto Group, No. 01-2096 (W.D. Tenn. filed Feb., 5 2001). The action was resolved through a confidential settlement agreement signed in 2001. The relevant portion of the agreement states, "[N]o Party shall make any statement, verbally or in writing, take an action or do anything to harm, reduce or prejudice [the other party's] reputation or goodwill."

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on [illegible]

92

Alexander, Settlement Agreement 2001.

Two years later, the Defendants served as "expert witnesses" adverse to UAG in a consumer fraud class action. James v. United Auto Group, No. 01-1122-1 (Shelby Co. Chancery Ct.). During the course of the James proceedings, the chancery court issued a protective order on April 24, 2003, which states in pertinent part:

> Notwithstanding any prior agreement between the Defendants and potential witnesses in this matter, the Defendants, directly or indirectly, may not retaliate, intimidate, or take any adverse action against any person who offers to provide or provides information, facts, or data about this lawsuit or facts or data that may relate to it or else testifies or offers to testify about them. This Interim Order covers the period from April 11, 2003 to and through the completion of the hearing presently set for May 7, 2003 and nothing in this Order effects the parties' rights as they may have existed prior to April 11, 2003.

James, Order of Ch. Ct. of Shelby County April 24, 2003. After participating in the James case, Mr. Ewing and Mr. Barbee appeared on the national television program *60 Minutes* in April 2004. While on *60 Minutes*, the Defendants answered questions regarding their interactions with consumers while they were employees of UAG. In October 2004, UAG filed a complaint alleging that the Defendants breached the confidential settlement agreement by publicly disparaging UAG on *60 Minutes,* and for their participation in the James case, exclusive of the time protected by the chancery court's order. On March 24, 2005, after a hearing on motion of the Defendant, the chancery court entered an order stating:

> It was and is the Court's intention to protect witnesses at all times that this matter is and was before the Court. Accordingly, the Court hereby ORDERS that the period specified in its April 23, 2003 [order] is expanded to cover the entire period of this litigation.

James, Order of Ch. Ct. of Shelby County Disposing of Pl.'s Mot. to Clarify or Stay May 22, 2003.

## II. MOTION TO DISMISS

The Defendants have moved to dismiss Plaintiff's complaint alleging that the chancery

court orders of April 24, 2003 and March 24, 2005 preclude any judgement against the Defendants for their actions in the James case. A party may bring a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). This motion only tests whether the plaintiff has pleaded a cognizable claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See, e.g., Nietzke v. Williams, 490 U.S. 319, 326-27 (1989).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Nietzke, 490 U.S. at 326-27; Lewis v. ACB Bus. Serv., Inc., 135 F.3d 389, 405 (6th Cir. 1997). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). Thus, even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied.

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47; Westlake, 537 F.2d at 858. The plaintiff, however, has an obligation to allege the essential material facts of the case. Scheid, 859 F.2d at 436-37.

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983). Indeed, the facts as alleged by the plaintiff cannot

be disbelieved by the court. Nietzke, 490 U.S. at 327; Murphy v. Sofamor Danek Group, Inc., 123 F.3d 394, 400 (6th Cir. 1997). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. Lewis,135 F.3d at 405-06.

## III. ANALYSIS

The Full Faith and Credit Act mandates that "the judicial proceedings of any . . . State . . . shall have the full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. The Supreme Court has interpreted the Act as requiring that "a federal court must give to a state court judgement the same preclusive effect as would be given that judgement under the law of the State in which the judgement was rendered." Migra v. Warren Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).

The Defendants argue that despite being entered two years after the original order, chancery court's second extension order is effective because a court possesses "inherent power and authority to protect its processes ever after a matter is no longer before it." Def.'s Mem. Supp. Mot. to Dismiss at 2. However, Defendant fails to address the threshold issue of whether either of the orders preclude this Court from addressing UAG's breach of contract claims. In Tennessee, the doctrine of issue preclusion bars "parties or their privies from relitigating issues of fact or law which were actually and necessarily determined in a former action between them." Ostheimer v. Ostheimer, 2004 WL 689881 (Tenn. Ct. App. 2004).

In this case, the Defendants cannot show that they were "parties or their privies" in the James litigation. The Defendants were expert witnesses in the James case. The Defendants had no interest in the outcome of the trial. Neither do the protective orders name them as parties. The

interim orders were entered to allow James plaintiffs the benefit of expert testimony. Because the Defendants have not shown that they are parties to the James case or to the orders issued pursuant to the James case, the orders do not preclude the Plaintiff's claim.

Nor can the Defendants show that their actions in the James case were "actually litigated" and "necessary" to the determination of the case. In James, the chancery court was solely concerned with whether the Defendants would serve as witnesses in the consumer fraud case, not whether serving as witnesses was a breach of their confidential settlement agreement. On May 22, 2003, The chancellor specifically stated, "It appears to the Court that any recourse [UAG] may have against Mr. Barbee and Mr. Ewing are not part of this proceeding . . . ." James, Order of Ch. Ct. of Shelby County Den. Defs. Renewed. Mot. May 22, 2003. On a later occasion, chancery court again stated, "[O]n the contract involving Mr. Barbee and Mr. Ewing, that issue was not really before the Court. . . . The Court did indicate that it was not dealing with an interpretation necessarily of any liability that Barbee and Ewing might have in some subsequent litigation." James, Tt. of Proceedings Feb. 11, 2005.

Therefore, because Defendants have failed to show that they were "parties or their privies" under the original action and also because they have failed to show that breach of the confidential settlement agreement was "actually litigated," under Tennessee law, the Full Faith and Credit Act does not require this Court to apply the issue preclusion doctrine to bar Plaintff's claims.

Moreover, although the Defendants argue that the Rooker-Feldman doctrine bars Plaintiff's case because federal district courts are empowered to exercise only original, not appellate, jurisdiction, this Court is not reviewing the merits of the chancery court's orders. Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). In Rooker, the Supreme Court affirmed a District Court's decision not to review the decision of the Indiana Supreme Court on a writ of error. Although the Plaintiff in this case argues that the extension of chancery court's original order two

years after it was entered was an error, Plaintiff does not argue that the orders should be overturned. Plaintiff argues that the chancery court orders do not preclude this claim. Plaintiff's case is not an appeal from a final judgement; it involves an issue explicitly unresolved by chancery court. The outcome of Plaintiff's case will not disturb the chancery court's orders or preclude any remedy the Defendants may have for any alleged failure to comply with chancery's orders in the proper forum.

Finally, the Defendants assert that the "Plaintiff's action should be dismissed pursuant to the "clean hands doctrine" because this claim represents an "unsavory attempt to punish and retaliate against Messrs. Ewing and Barbee for disclosing what the chancery court has characterized as "consumer fraud.'" Def.'s Mem. Supp. Mot. to Dismiss at 4. Under the clean hands doctrine, a plaintiff's claim will be dismissed if it grows out of, depends upon, or is inseparably connected with a prior fraud committed by the plaintiff. Continental Bankers Life Ins. Co. v. Simmons, 561 S.W.2d 460 (Tenn. Ct. App. 1977). This case is not significantly linked with Plaintiff's prior consumer fraud. The Plaintiff's consumer fraud was not committed against the Defendants, in fact on *60 Minutes* the Defendants stated that they were willing participants in at least one of Plaintiff's schemes. The Defendants served as witnesses, not as victims of the James fraud. Also, whether the Plaintiffs committed consumer fraud is in no way relevant in determining whether the Defendants breached the confidential settlement agreement by serving as paid expert witnesses in the James case, or by appearing on *60 Minutes*. Therefore, it cannot be inseparable or dependent on the James consumer fraud.

## IV. CONCLUSION

Because the Defendants have failed to show that this Court is precluded from hearing this case under the Full Faith and Credit Act or the Rooker-Feldman Doctrine, and because the "unclean-hands" doctrine is inapplicable to this case, the Court finds that Defendants have not demonstrated cause for relief. Accordingly, Defendants' Motion to Dismiss is denied.

**IT IS SO ORDERED** this 25th day of August 2005.

**BERNICE BOUIE DONALD**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 92 in case 2:04-CV-02802 was distributed by fax, mail, or direct printing on September 6, 2005 to the parties listed.

---

A. James Andrews
ANDREWS & HUDSON,P.C.
606 Main Avenue
Suite 202
Knoxville, TN 37902

Edward M. Bearman
BRANSON & BEARMAN
780 Ridge Lake Blvd.
Ste. 202
Memphis, TN 38120

Perry A. Craft
CRAFT & SHEPPARD, PLC
214 Centerview Dr.
Ste. 233
Brentwood, TN 37027

Ricky E. Wilkins
LAW OFFICE OF RICKY E. WILKINS
119 S. Main St.
Ste. 700
Memphis, TN 38103

Karl A. Schledwitz
LAW OFFICE OF DOUGLAS R. BEATY
8130 Country Village Dr.
Ste. 101
Memphis, TN 38016

Marc L. Newman
MILLER & SHEA P.C.
950 West University Drive
Suite 300
Rochester, MI 48307

E. Powell Miller
MILLER SHEA, P.C.
950 West University Drive
Suite 300
Rochester, MI 48307

Sharon Harless Loy
LAW OFFICE OF RICKY E. WILKINS
119 S. Main St.
Ste. 700
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT